IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

APRIL SMITH,

    Plaintiff,

v.                                                       No.: 1:12-cv-01147-JDB-egb

REGIS CORP., *et al.*,

    Defendants.

_____

ORDER OF DISMISSAL
_____

        Plaintiff, April Smith, filed a civil action against Defendants, Regis Corp., Regis Corporation, and Smart Style, claiming wrongful termination. (Docket Entry ("D.E.") 1.) On November 15, 2012, the Defendants moved to dismiss Plaintiff's complaint for failure of service. (D.E. 5.) Upon the Plaintiff's lack of response to the motion, the Court on December 18, 2012 directed her to show cause why her claims should not be dismissed for failure to prosecute. (D.E. 6.) Smith was warned that "[f]ailure to respond within [11 days] may result in dismissal of the Complaint against the Defendants for either failure to prosecute or to comply with a court order."

        Rule 41(b) provides for dismissal of actions for failure of a party "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . ." Fed. R. Civ. P. 41(b). It is well-settled that a district court may enter an order of dismissal *sua sponte* under Rule 41(b). <u>Rogers v. City of Warren</u>, 302 F. App'x 371, 375 n.4 (6th Cir. 2008). The authority to dismiss a case or claims under the Rule "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." <u>Knoll v. Am. Tel. & Tel. Co.</u>, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation marks omitted), *reh'g &*

*suggestion for reh'g en banc denied* (June 30, 1999). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." Id. at 737.

In this case, Smith, who is represented by counsel, failed to respond to Defendants' motion to dismiss and to the Court's show cause order. The necessity of monitoring claims that the Plaintiff apparently has no desire to pursue negatively impacts the Defendants and the Court's ability to manage its docket. She was informed in the Court's December 18, 2012 order that failure to respond in a timely fashion may result in dismissal of her complaint. Under the circumstances, the Court finds that no sanction short of dismissal will cure Smith's failure to move this case forward.

Based on the foregoing, Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED this 4th day of January, 2013.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE